# County of Schuylkill, Appellant, *v.* Gruhler.

*Constitutional law — County officers — Salaries —Compensation for acting as agent of the State—Act of May 10, 1921, P. L. 432.*

There is nothing in the Constitution prohibiting the legislature from appointing, as a suitable agent of the Commonwealth for the collection of revenues due it, and paying him for his services, one who, for the time being, may be a county officer, but who, as the agent of the Commonwealth, will render services to it alone, separate and distinct from any duty imposed upon him as a county official.

The Act of May 10, 1921, P. L. 432, amending the Act of April 17, 1913, P. L. 85, providing for the payment to the county treasurer of ten cents from the fee charged for resident hunter's licenses, is constitutional and the county treasurer may retain for his own use the fee so charged.

Luzerne County v. Morgan, 263 Pa. 458, followed.

Argued December 4, 1923. Appeal, No. 186, Oct. T., 1923, by plaintiff, from judgment of C. P. Schuylkill Co., Jan. T., 1923, No. 47, in favor of defendant, in case stated between County of Schuylkill v. Christian Gruhler, County Treasurer. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Case stated to determine amounts due to County Treasurer under Act of May 10, 1921, P. L. 432. Before BERGER, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of Christian Gruhler, County Treasurer, in the sum of $2,476.12. Plaintiff appealed.

*Error assigned* was the judgment of the court.

392, (1923).] Arguments—Opinion of the Court.

*Edmund D. Smith,* and with him *Charles A. Snyder,* County Solicitor, and *Arthur L. Shay,* for appellant, cited: Schuylkill Co. v. Wiest, 257 Pa. 425; Schuylkill Co. v. Reese, 249 Pa. 281.

*Henry Houck,* for appellee, cited: Marquette v. County of Berks, 3 Pa. Superior Ct. 36; Allegheny Co. v. Stengel, 213 Pa. 493; Luzerne Co. v. Morgan, 263 Pa. 458; Philadelphia v. Martin, 125 Pa. 583; Schuylkill Co. v. Pepper, 182 Pa. 13; Knisely v. Cotterel, 196 Pa. 614; Phila. Co. v. Sheehan, 263 Pa. 449; Bachman's App., 274 Pa. 420.

PER CURIAM, December 15, 1923:

The question involved in this appeal is the right of the defendant, the treasurer of Schuylkill County, to retain for his own use the sum of ten cents from the fee charged for each resident hunter's license issued by him subsequent to May 10, 1921, by virtue of the Act of May 10, 1921, P. L. 432. The Act of 1921 amends Section 8 of the Act of 1913, and provides as follows:

"Section 8. The county treasurers of the several counties of this Commonwealth shall be agents of the Commonwealth for the collection of said license fees, and for services rendered in collecting and paying over the same the said agents shall be allowed to retain for their own use the sum of ten cents from the amount paid by each licensee, which amount shall be full compensation for services rendered by him in each case under the provisions of this act, and shall remit all balances arising from this source, at least once a month, to the state treasurer for the purposes otherwise provided for in this act. Each county treasurer shall make his return to the state treasurer upon a form to be supplied by the board of game commissioners, at the cost of the Commonwealth, and shall in every instance forward a duplicate of such report to the secretary of the board of game commissioners, at Harrisburg."

The appellant concedes that the determination of the question depends upon the constitutionality of the Act of 1921, and that if that act is constitutional the judgment must be affirmed. Its contention is that Article XIV, Section 5, of the Constitution forbids the legislature from making a county officer a paid agent of the Commonwealth for the collection of moneys due it, because the effect of such legislation, it is urged, is to augment the salaries of county officials, in violation of that section of the Constitution. We agree with the learned judge of the court below that there is no limitation upon the power of the State in the selection of its agents, arising out of Article XIV, Section 5, of the Constitution. The Supreme Court said in Luzerne Co. v. Morgan, 263 Pa. 458, speaking by Chief Justice BROWN: "All moneys received by a salaried county officer, whether styled fees or commissions, for services which he renders as such officer, belong to the county by the express words of our Constitution. There are, however, no words in that instrument prohibiting the legislature from appointing, as the suitable agent of the Commonwealth for the collection of revenues due it, and paying him for his services, one who, for the time being, may be a county officer, but who, as the agent of the Commonwealth, will render service to it alone, separate and distinct from any duty imposed upon him as a county official." See also Bachman's App., 274 Pa. 420, 425. The language of the Act of 1921, making the county treasurer the agent of the Commonwealth for the collection of hunter's license fees and authorizing him to retain ten cents out of each license fee collected differs in no material respect from that used in the Act of May 14, 1891, P. L. 59, making the register of wills the Commonwealth's agent for the collection of collateral inheritance tax and authorizing him to retain a percentage thereof for his compensation: Luzerne Co. v. Morgan, supra, sustained the Act of 1891. Further discussion and citation of authorities is unnecessary.

The judgment is affirmed.