## Blair County v. Peoples, Register of Wills.

*Public officers—Compensation—Register of wills—Commissions for collecting inheritance taxes—Act of July 11, 1923.*

Under the Act of July 11, 1923, P. L. 1054, the register of wills in counties of the fifth class, and not the county, is entitled to the commissions for collecting the inheritance taxes and paying them over to the Commonwealth.

Case stated. C. P. Blair Co., Jan. T., 1925, No. 64.

*J. Lee Plummer*, County Solicitor, for plaintiff.

*Thomas C. Hare*, for defendant.

BALDRIGE, P. J., Dec. 10, 1925.—Thomas G. Peoples, the duly qualified Register of Wills of the County of Blair, a fifth class county under the laws of the Commonwealth of Pennsylvania, received, during the year 1924, as commissions from the Commonwealth for collecting inheritance taxes due the Commonwealth the sum of $2829.77. This amount was not paid to the county, but retained by the register of wills, and he was not surcharged therewith by the county controller. The county commissioners appealed from the decision of the county controller, alleging that under the Act approved July 11, 1923, P. L. 1054, in counties of the fifth class all fees, commissions and emoluments received by the register of wills belong to the county.

The case stated was framed by the parties in interest for the court to determine the question involved, namely: Do the commissions on direct, collateral

and inheritance taxes belong to the register of wills as the collecting agent of the Commonwealth in a county of the fifth class, or do they belong to the county?

Under the Act of July 11, 1923, P. L. 1054, "in all counties of the fifth class, all fees, commissions and emoluments, limited and appointed by law to be received by each and every county officer whose salary is fixed by this act . . . shall belong to the county in and for which they are severally elected or appointed, and it shall be the duty of each of said officers to exact, collect and receive all such fees, commissions and emoluments to and for the use of their respective counties, except such taxes and fees as are levied by the Commonwealth, and none of said officers shall receive for his own use, or for any use or purpose whatever, except for the use of the proper county or for the Commonwealth, as the case may be, any fees, commissions or emoluments for any official services whatsoever." All fees, commissions and emoluments received, therefore, by this appellee in his official capacity as register of wills belong to the County of Blair.

The Act of June 20, 1919, § 21, P. L. 521, provides "that the registers of wills . . . shall be the agents of the Commonwealth for the collection of the said taxes in the case of resident decedents" for the compensation allowed therefor.

The question involved herein was raised in Luzerne County v. Morgan, 263 Pa. 458, where the register of wills collected and retained commissions on collateral inheritance taxes that were due the Commonwealth, and it was contended there, as here, that it was the duty of the controller to surcharge the register of wills for failing to pay the said commissions to the county. Under the 16th section of the Act of May 6, 1887, P. L. 79, as amended by the Act of May 14, 1891, P. L. 59, "the registers of wills in this Commonwealth shall be the agents of the Commonwealth for the collection of the collateral inheritance tax," the exact phraseology used in the Act of June 20, 1919, P. L. 521.

The Supreme Court held that there was nothing in the Constitution prohibiting the legislature from appointing a county official as agent for the Commonwealth for the collecting of moneys due it and paying him for his services, provided the services are separate and distinct from the duty imposed upon him as a county official. See, also, Schuylkill County v. Gruhler, 82 Pa. Superior Ct. 392.

This principle was again recognized in the case of Bachman's Appeal, 274 Pa. 420, wherein Mr. Justice Sadler, in delivering his opinion, said: "It is undoubtedly true that the legislature may provide for the appointment of an individual as agent of the Commonwealth to collect license fees, allow him just compensation and name as such person a county officer or an official of a municipality. An illustration is found in the statutes directing the register of wills to act for the State in collecting collateral inheritance tax and be allowed compensation for the services performed."

As the statutes name the register of wills as agent of the Commonwealth, it may and does award him pay for the services performed. The services rendered were not in the capacity of or in any way connected with his duty as a county officer; the sums he collected had nothing to do with county moneys. He was acting as agent for the State and was accountable to the Auditor General, not to the county, for moneys collected.

We are, therefore, of the opinion that the county is not entitled to the fees, commissions and emoluments collected by the register of wills as agent for the Commonwealth, and, therefore, judgment is hereby entered for the appellee, Thomas G. Peoples.          From Robert W. Smith, Hollidaysburg, Pa.