### York County v. Fry.

*Public officers—County treasurer—Fees—Salary—Act of April 12, 1923.*

1. Under the Act of April 12, 1923, P. L. 62, a county treasurer elected in November of 1923 is not entitled to retain for his own use, but must pay into the county treasury, the fees fixed by law for the collection of mercantile licenses, licenses for restaurants, places of amusements, brokers and auctioneers, poolrooms, dog licenses and fishing licenses.

2. He is entitled to retain for his own use, and is not required to pay into the county treasury, the fees for issuing hunters' licenses.

Appeals by the County of York from the report of the County Controller relative to the accounts of Arthur G. Fry, County Treasurer. C. P. York Co., April T., 1925, No. 152, and April T., 1926, No. 174.

*Walter B. Hays,* County Solicitor, for appellant and plaintiff.

*Robert C. Fluhrer,* for appellee and defendant.

NILES, P. J., May 17, 1926.—These cases are two appeals taken by the County of York from the reports of the County Controller covering the years 1924 and 1925, brought before the court for decision upon a case stated for each year.

They were argued together and will be decided together in accordance with this opinion.

There is presented for review the controller's action in failing to charge the treasurer for certain fees and commissions received by him for his services in collection of money due the Commonwealth and not accounted for by him to the county, but claimed and retained by him as his own.

The items originally objected to are for fees and commissions received and retained by the treasurer from:

|  | 1924 | 1925 |
|---|---|---|
| Mercantile licenses | $1,113.13 | $1,151.68 |
| Restaurants | 144.21 | 148.97 |
| Places of amusement | 54.00 | 54.75 |
| Brokers and auctioneers | 183.99 | 168.88 |
| Pool-rooms | 157.38 | 158.97 |
| The aggregate of this is | $1,652.71 | $1,683.25 |

These are in a class governed by the same principles, and for the purposes of this discussion will be called "Class A."

There are also:

|  | 1924 | 1925 |
|---|---|---|
| Dog licenses | $1,360.30 | $1,272.90 |
| And fishing licenses | 602.50 | 545.20 |
| Aggregating | $1,962.80 | $1,818.10 |

which we will call "Class B."

|  | 1924 | 1925 |
|---|---|---|
| Classes "A" and "B" amount to | $3,615.51 | $3,501.35 |

In addition to this is "Class C":

|  | 1924 | 1925 |
|---|---|---|
| Hunters' licenses | $1,471.20 | $1,547.40 |

At the argument, objection to these items, "Class C," was waived by the county solicitor on the ground that the Act of May 10, 1921, P. L. 432, regarding hunters' licenses, provides that: "The county treasurers of the several counties of this Commonwealth shall be agents for the Commonwealth for the collection of said license fees, and for services rendered in collecting and paying over the same the said agents shall be allowed to retain for their own use the sum of 10 cents."

This position was considered proper under the authority of. Schuylkill County v. Gruhler, 82 Pa. Superior Ct. 392.

The defendant having been elected Treasurer of York County in November, 1923, had his status fixed regarding emoluments by article III, section 13, of the Constitution of Pennsylvania, forbidding their change after his election.

The fundamental consideration regarding county treasurer's compensation is in section 5, article XIV, of the Constitution, which provides that: "The compensation of county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees which they may be authorized to receive into the treasury of the county or State, as may be directed by law. In counties containing over 150,000 inhabitants, all county officers shall be paid by salary."

The rights of the defendant depend upon the proper construction of the Act of April 12, 1923, P. L. 62, and the application of the constitutional provision, section 5, article XIV, in the light of the decisions of the Supreme Court.

By the passage of the Act of April 12, 1923, P. L. 62, the compensation of the Treasurer of the County of York, a county of the fifth class, was fixed at the annual salary of $5000.

It is provided by section 6: "The salaries fixed and provided by this act shall be in lieu of all or any moneys, perquisites, fees, mileage, expenses and other allowances which are now or may hereafter be received by or allowed to such treasurer, except commissions due or payable to the county treasurer for acting as agent of the Commonwealth, which commissions shall be payable to the county treasurer as now authorized by law. All said moneys, fees, mileage or perquisites received by any of them as compensation, fees or perquisites from any source whatever shall in all cases belong to the county and shall be paid into the county treasury (except where required to be paid to the Commonwealth), as provided by this act, but the necessary traveling expenses of the officers incurred in the administration of their offices shall be paid by the county."

Except for the early decision in Philadelphia v. Martin, 125 Pa. 583, and the more or less qualified adherence to its doctrine, a reasonable construction of the governing constitutional provision would seem to be in accordance with the legislative provision contained in the Act of March 31, 1876, P. L. 13,

prohibiting the legislature from granting, or salaried county officers from receiving from any source, anything over and above their salaries; and that all other compensation for services rendered by them because of the office which they happen to occupy, whether such services be classified as county or State work, or whether the remuneration be designated as fees or commissions, must be paid into the county or State treasury, and may not be retained under any guise by the county treasurer for his own personal use.

In other words, except for judicial construction, the purpose of the constitutional provision in question would seem to be to confine the public officials therein designated to their salaries, and to this extent eliminate the extra compensation evil which so widely prevailed at that time, and any conflicting legislation would be unconstitutional: Luzerne County v. Morgan, 263 Pa. 458.

In view of the Constitution and the applicable decisions, for the purpose of these cases, the inquiry is: What were the "commissions due or payable to the county treasurer for acting as agent of the Commonwealth, payable to the county treasurer as authorized by law," which constitutes the only exception in the 6th section of the Act of 1923?

At the time of the passage of the Act of 1923 the Supreme Court had definitely decided this question.

May 25, 1925, in Bachman's Appeal, 274 Pa. 420, the Supreme Court, in an opinion by Mr. Justice Sadler, had decided that a county treasurer was not entitled to retain such commissions and fees as this defendant retains for mercantile, restaurant, theatre, broker's and pool-room licenses of the kind "Class A" covered by these cases.

The authority of this case is, of course, binding upon this court, and requires that these appeals be sustained to that extent.

This leaves for discussion the status of the items in "Class B" covering dog and fishing licenses.

It is urged on behalf of the defendant that the phraseology of the Act of May 11, 1921, P. L. 522, differentiates the dog licenses from "Class A."

The Act of 1921 provides that the applicant "shall also pay an additional fee of 10 cents for the service of the county treasurer in issuing, recording and reporting said license to the Secretary of Agriculture and remitting the fees and fines to the State Treasurer."

And it is argued that because the act further treats the county treasurer as one of the agents of the Secretary of Agriculture for the enforcement of the dog law, he is by implication made an agent of the Commonwealth, and is to be treated, so far as this subject is concerned, just as if he had been specially designated as an agent of the Commonwealth.

As to the fees for defendant's services in issuing fishing licenses, we are pointed to the 8th section of the Act of May 16, 1921, P. L. 559, amended by the Act of May 24, 1923, P. L. 423, which says: "A county treasurer may collect for his own use for services rendered under this act the sum of 10 cents, to be paid by the applicant for a license."

Defendant's counsel contends that the words "for his own use" must mean to give the fees to him personally and not as a county treasurer.

The law on this subject is crystalized in Bachman's Appeal, and the principles involved seem to us to compel decision against the defendant regarding the items in "Class B" and put them in the same category as "Class A."

It is asserted for the county that, under the law as it now is, the treasurer may retain for his own personal use nothing except in accordance with some authorizing legislation which specially designates him as agent for the Commonwealth for the particular duty.

For the defendant it is insisted that if a county treasurer is actually author-ized to collect money for the Commonwealth, he may retain personally the compensation for such service as is fixed by law.

The argument for the defendant goes too far.

All county officials, in so far as they obey the requirements of the State tax and license laws, are, in a certain sense, agents of the Commonwealth. But as we understand the principles of Bachman's Appeal, although they may be actually doing work for the State, as distinct from the county, unless by some act of assembly they are specifically designated as agents of the Common-wealth, they are within the prohibition of the Constitution.

In accordance with these views, in case No. 152, April Term, 1925, it is the opinion of the court that the County of York, the plaintiff, is entitled to recover from the defendant, Arthur G. Fry, county treasurer, the sum of $3615.51, and the appeal of the county is hereby sustained and judgment entered for the plaintiff in said sum of $3615.51, with costs of suit; and in No. 174, April Term, 1926, it is the opinion of the court that the County of York, the plaintiff, is entitled to recover from the defendant, Arthur G. Fry, county treasurer, the sum of $3501.35, and the appeal of the county is hereby sustained and judgment entered for the plaintiff in said sum of $3501.35, with costs of suit.

Judgments may be entered in each case accordingly, with exceptions to defendant.

From Richard E .Cochran, York, Pa.