Martin et al., Appellants, v. County of Butler.

Argued April 16, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*James E. Marshall,* of *Marshall & Watson,* for appellant, cited: Schott v. Harvey, 105 Pa. 222; Riley v. Penna. Co., 32 Pa. Superior Ct. 579; Commonwealth ex rel. Wolfe v. Butler, 99 Pa. 535; Commonwealth ex rel. Keller v. Gates, 7 D. & C. 220.

*J. W. Hutchison,* for appellee.

Opinion by Cunningham, J., July 12, 1928:

By this appeal we are called upon to determine whether it was the legislative intent that those provisions of the Act of June 29, 1923, P. L. 944, which authorize the salary boards of counties of the sixth class to fix and determine annually the number and the salaries of the clerks and deputies of certain county officers (with the effect that such salaries become a charge upon the treasury of the county) apply to the person who held the office of county treasurer in the County of Butler during the year 1926. The "provisions of existing law," referred to in, and

modified by, the first section of the Act of 1923, and by which the compensation of county treasurers was theretofore determined, are found in section 41 of the Act of April 15, 1834, P. L. 537, 544, which reads: "Each county treasurer shall receive in full compensation for his services on behalf of the county, a certain amount per cent on all moneys received and paid by him, which rate shall be settled from time to time by the county commissioners, with the approbation of the county auditors."

The basic facts are not in dispute. Butler County is a county of the sixth class under the Act of July 10, 1919, P. L. 887, dividing counties into eight classes for purposes of legislation and regulation of their affairs. George B. Smith was elected its treasurer and his term of office began January 1, 1926. Assuming that all the provisions of the Act of 1923 applied to his office, the salary board, composed of the county commissioners and the county treasurer, allowed him one deputy at a salary of $600 per annum. He appointed his wife, Iva B. Smith, as his deputy. She performed the duties of the office and was paid her salary out of the county treasury by Charles C. Martin, R. George Morgan and William I. McKee, county commissioners, plaintiffs below and appellants herein. When the county auditors filed their report for the year 1926 they surcharged appellants with the amount of this salary. Upon their appeal to the Common Pleas an issue was framed in which they were made plaintiffs and the County of Butler defendant for the purpose of determining whether the salary of the deputy was a legal charge upon the funds of the county. The issue was tried by the court without a jury under the provisions of the Act of April 22, 1874, P. L. 109, and resulted in a judgment in favor of the county; hence this appeal.

The Act of 1923 is, according to its title, an act "relating to salaries, compensations, bonds, offices, and

supplies of certain county officers, their deputies and clerks, in counties of the sixth class." The first section reads in part "That in counties of the sixth class, the compensation of the county treasurer shall be fixed under the provisions of existing law [the above quoted section 41 of Act of 1834], but the treasurer shall not, in any case, receive more than four thousand dollars ($4,000) in any one year. The annual salary of the clerk of courts of quarter sessions shall be two thousand five hundred dollars ($2,500)," and then follow provisions prescribing salaries for the clerks of oyer and terminer and the orphans court, the prothonotary, recorder of deeds and register of wills. By section 3 it is provided that "each of said officers shall appoint and may dismiss the deputies and clerks of his office," and by section 4 that "all the officers whose salaries are fixed by this act, and their several deputies and clerks authorized by the salary board, shall be paid for their services by fixed and specific salaries, which shall be a charge upon the treasury of the county." The applicable provision of section 5 reads: "The salary board in all counties of the sixth class, which shall be composed of the county commissioners and the county treasurer, shall fix and determine annually the number and the salaries to be paid to the clerks and deputies required for the proper discharge of business in the office of the county officers whose salaries are fixed by this act."

Briefly stated the question involved is whether, under these provisions, the salary of a deputy of the county treasurer, whose appointment has been authorized and whose salary has been fixed and determined by the salary board, is a charge upon the county treasury. The learned trial judge held that it is not. As we understand his opinion, it is suggested that deputies and clerks are provided at the expense of the county only for county officers whose salaries are "fixed" by the first section of the act, and as this

section, under his construction, does not technically "fix" a salary for, but merely limits the compensation of, the treasurer there is no warrant for employing a deputy for him at the county expense. It is further argued that in referring to the remuneration of the county officers mentioned in the act that of the county treasurer is designated as "compensation" and that of the other officers as "salary"; and that these words are not used synonymously in the act. Another ground is suggested in this paragraph from the opinion of the trial judge: "It is essential that this salary board be a disinterested body and the placing of the county treasurer upon the salary board is an unmistakable index of the legislative intent not to fix his salary by the act." In his brief counsel for the county contends that "It would be against all reason, as well as against public policy, to constitute the county treasurer a member of the tribunal which is invested with the power to determine the number of clerks and deputies he may appoint and the salaries such clerks and deputies shall receive from the county. Such a construction of the act must be avoided so long as the language of the act will bear any other construction." A majority of the members of this court do not agree with the conclusions reached by the court below. Viewing the Act of 1923 as a whole and in its relation to the general system of legislation prescribed for the government of counties, it is obvious that its primary purpose is to extend to counties of the sixth class, having a population between fifty and one hundred thousand inhabitants, the public policy declared by section 5 of Article XIV of the Constitution, and by the Act of March 31, 1876, P. L. 13, passed to carry it into effect and now amended and supplied by various acts, namely, that in certain counties all county officers should be paid by salaries instead of by the collection of fees for official services. It has been repeatedly held under this legislation that the fees re-

ceived by a county treasurer, except those collected by him solely as agent for the state and not as a county officer, must be paid into the county treasury. This feature is carried into the Act of 1923 by the sixth section, which provides for the payment into the county treasury by the officers named in the act of all fees received by them "except such fees as may be received by them when acting as agents of the Commonwealth."

Another familiar provision of the legislation heretofore applicable only to larger counties is that: when the salary board is assembled for the purpose of ascertaining and determining the number of deputies or clerks required for the proper dispatch of business in a county office the officer holding the office then in question shall sit as a member of the board so long as his office is under consideration and that the decision of a majority shall govern (Act of July 5, 1883, P. L. 182, apparently supplying section 7 of the Act of March 31, 1876, P. L. 13). Similar provisions are to be found in more recent legislation applicable to counties in classes other than the sixth. It is therefore apparent that the feature of the Act of 1923 which the learned trial judge thought would be contrary to public policy, if interpreted in accordance with appellants' contention, is, when so construed, in harmony with the established policy of the state. It is clear that the county treasurer is intended to be included in many of the sections of the act. He is named as a county officer in the first and by the seventh "each of said officers" is required to keep special account books, etc. By the eighth section it is provided that "if any officer included in this act" shall receive any moneys from any deputy or clerk or contractor as compensation for making an appointment or awarding a contract, or shall neglect to render the accounts required by the act, or to pay over fees received, etc., he shall be guilty of a misdemeanor in office. Under the ninth

section "any officer included in this act" who shall wilfully swear or affirm falsely as to the accuracy of any account, etc., shall be deemed guilty of perjury. In view of the manifest purpose of the act and as the county treasurer is clearly included in the provisions thereof placing certain burdens and responsibilities upon county officers, we should be able to find clear, and indeed compelling, reasons before excluding him from the benefits of this legislation. We must not be diverted from our quest after the legislative intent by undue refinements and distinctions in and upon the meaning of certain words used by the legislature in giving expression to that intent. The first section refers to the "fixing" of the treasurer's compensation. Although it is true that it is not fixed "by the act" in the same way and with the same precision as the salaries of the other county officers therein named are fixed, yet the rule by which it is to be determined is prescribed and a maximum is fixed for the first time. One of the facts agreed upon by the parties is that the commissions of the county treasurer of Butler County for a number of years have been fixed at the rate of one and one-fourth per cent. and that this rate would have made the compensation of the treasurer from the county $9,421.96 for 1926 if the Act of 1923 had not limited it to $4,000. The mischief intended to be remedied by the act—the "constant temptation to extortion upon the public by the officers" (Schuylkill County v. Pepper, 182 Pa. 13)—is cured by limiting the amount of the remuneration to $4,000 in any one year and to this extent the "compensation" of the county treasurer is "fixed."

Granting that the words "compensation" and "salary" are not strictly synonymous and that the former is broader than the latter, it does not follow that they have not been used interchangeably by the legislature. At the same session at which the act now under consideration was passed the Act of July 11,

1923, P. L. 1054, relating to certain county officers in counties of the fifth class and providing for their salaries and the "compensation" of deputies and clerks in certain county offices, was adopted. By section 7 of this act the salary board is authorized, inter alia, to fix the "salaries" of such clerks and deputies. Again, in the Act of May 11, 1925, P. L. 559, fixing the salary of sheriffs in counties of the sixth class and providing for the appointment and compensation of deputies and clerks, it is provided in the sixth section that the "compensation" of deputies and clerks shall be fixed by the salary board and that such "salaries" shall be paid semi-annually, etc. Examples of this interchangeable use of the words "compensation" and "salary" in legislature of the character we are now considering might be multiplied indefinitely. See also Commonwealth ex rel. Wolfe v. Butler, 99 Pa. 535. From a consideration of the act as a whole, including its title, we are of opinion that the assignment to the fourth conclusion of law upon which the judgment below is based should be sustained.

The judgment is reversed and is now entered in favor of appellants.