## Shoener v. Schuylkill County

*H. O. Bechtel*, for plaintiff; *Ralph M. Bashore*, for defendant.

HOUCK, J., July 25, 1932.—A summons in assumpsit was regularly issued and thereupon the parties agreed upon a case stated, which was filed on June 13, 1932. Subsequently, on June 27, 1932, an amended case stated was filed. This, however, is identical with the original except that it contains a more specific reservation of the right to appeal.

It is agreed by the case stated that Paul W. Houck was elected Treasurer of Schuylkill County and assumed his duties as such in January, 1932; that Schuylkill County is a municipal corporation subject to the provisions of section seven of the Act of March 31, 1876, P. L. 13, establishing a salary board to fix the number and compensation of deputies and clerks of county officers; that Thomas B. Shoener, plaintiff, is a clerk employed in the office of Paul W. Houck, county treasurer; that on January 25, 1932, the county commissioners, county controller and county treasurer met as a salary board, agreeably to the provi-

sions of the Act of 1876, supra, and, by a vote of three to two, fixed the number and salaries of the employes in the office of the county treasurer for the year 1932 as follows: Joseph T. Lyons, first deputy, $3000; Eleanor M. Cuff, clerk, $2222.49; Charles A. Moyer, clerk, $1920; Joseph W. Miernicki, clerk, $1920; Thomas D. Straughn, clerk, $1920; J. Milton Hirst, license clerk, $2500; Thomas B. Shoener, clerk, $1920; Joseph Kromas, clerk, $1920; George Murphy, clerk, $1920; William H. Kelly, clerk, $1920; that when plaintiff demanded the sum of $160 for services during the month of April, 1932, being his salary at the rate of $1920 per annum, payment was refused by the county commissioners, who refused to draw a warrant for the same; that plaintiff discharged his duties in the office of the county treasurer diligently and satisfactorily; and that plaintiff was assigned by the county treasurer to the department in the county treasurer's office for the collection of dog tax and the issuance of fishing and hunting licenses.

The question for disposition on the foregoing facts is thus stated:

"If the court shall be of the opinion that the employment of the plaintiff by the County of Schuylkill, as evidenced by the action of Paul W. Houck, treasurer, and the action of the salary board hereinbefore set forth, was lawful and binding upon the County of Schuylkill, irrespective of whether or not there will be sufficient funds derived from the State to pay the salary of the complainant, and that, notwithstanding the failure and refusal of the board of county commissioners to draw their warrant for the payment of the plaintiff's salary at the rate of $1920 per annum, plaintiff is entitled thereto, then judgment shall be entered in the sum of $160 in favor of the plaintiff, being the amount of his salary for the month of April, 1932; otherwise judgment shall be entered for the defendant."

The question must be determined upon the facts agreed upon and no others. A case stated is in the nature of a special verdict and is subject to the same rules. All the facts must be distinctly and unequivocally set forth and nothing left to inference; whatever is not expressly and distinctly agreed upon and set forth as admitted must be taken not to exist: S. A. Loux & Son v. Fox et al., 171 Pa. 68, 71; Schuldt v. Reading Trust Co. et al., 270 Pa. 360, 366; Hebron et al. v. Magda, 280 Pa. 508, 510. Consequently, we may not, as urged by defendant, take judicial notice of the fact that a separate and distinct license bureau has been established by the County of Schuylkill and that plaintiff is a clerk engaged solely in said bureau. The facts upon which our determination must rest, as found in the case stated, are that plaintiff is a clerk employed in the office of the county treasurer at a salary of $1920 per annum, regularly fixed by the salary board; and that the clerk was assigned by the county treasurer to the department in his office for the collection of dog tax and the issuing of fishing and hunting licenses. These facts seem to us to be decisive of the issue. The plaintiff is a clerk in the office of the county treasurer. His salary was fixed by the salary board in accordance with the provisions of section seven of the Act of 1876, supra, and he has performed his duties diligently. Under these circumstances, the question involved is simply whether the salary of a clerk of the county treasurer, whose appointment has been authorized and whose salary has been fixed and determined by the salary board, is a charge upon the county treasury. We think it too plain for argument that it is: Martin et al. v. Butler County, 94 Pa. Superior Ct. 152; Whalen v. Schuylkill County, 17 D. & C. 261.

The defendant's contention rests upon the ground that plaintiff is engaged solely in work for the Commonwealth and that, therefore, the county is not liable for his salary. We have already indicated that the fact upon which this

contention is based is not to be found in the case stated, but, even if true, the contention is without merit. The Act of April 9, 1929, P. L. 444, Sec. 7, amending section 309 of the Act of May 24, 1923, P. L. 359, makes the county treasurer an agent of the Commonwealth for the collection of hunters' licenses and allows him to retain a certain sum from the amount paid for each license, which sum is to be disposed of as provided for by law. The Act of April 9, 1929, P. L. 451, Sec. 6, further amending section 225 of the Act of May 2, 1925, P. L. 448, contains identical provisions relative to fishing licenses. The Act of April 9, 1929, P. L. 456, Sec. 1, further amending section three of the Act of May 11, 1921, P. L. 522, makes the county treasurer agent of the Commonwealth for the collection of dog licenses and permits him to retain a certain sum from the amount paid for each license, which sum shall be paid into the county treasury, except that the county treasurer may retain out of said fees amounts necessary to reimburse him for any expenses, including the compensation of necessary employes, incurred in the collection and transmission of the money for the Commonwealth, the number and compensation of such employes to be approved by the Department of Revenue. The original acts referring to hunting and fishing licenses authorized the county treasurer to retain the amount deducted by him from the total paid for his own use so that none of it was paid into the county treasury: Schuylkill County v. Gruhler, 82 Pa. Superior Ct. 392. This was changed by the Act of April 27, 1927, P. L. 473, further amending section forty-two of the Act of April 15, 1834, P. L. 537. By this act, the county treasurer is made agent of the Commonwealth for the collection and transmission of money for the Commonwealth and is entitled to deduct a certain commission on such money, together with ten cents for each fish, hunter and dog license. Out of the commission deducted and the fees for issuing fish, hunter and dog licenses, the county treasurer is entitled to retain for his own use a sum equal to twenty per centum of the amount of his salary as county treasurer, together with the amount of the premiums on any bonds which he is required to file with the Commonwealth. He is also entitled to retain any expenses, including the compensation of necessary employes, incurred by him in the collection and transmission of money for the Commonwealth, provided that the number and compensation of such employes shall have been approved by the auditor general (now the approval must be by the Department of Revenue: The Fiscal Code of April 9, 1929, P. L. 343, Sec. 610 (d)). The balance of the fees retained by the county treasurer shall be paid by him into the county treasury. Under existing law, therefore, the amount which the county treasurer may retain for his own use is limited to twenty per centum of his salary as county treasurer, and he may, with the approval of the Department of Revenue, employ clerks whose compensation shall be approved by that department; the balance of the sums retained by the county treasurer are paid into the county treasury. But these acts of assembly do not apply to the present case. There is no suggestion whatever that the plaintiff was employed in accordance with any of these acts of assembly. There is no suggestion that his employment was authorized or his compensation approved by the Department of Revenue. On the contrary, the agreed facts show only that the plaintiff was employed as a clerk in the office of the county treasurer without any specific duties and that his salary was approved by the salary board of Schuylkill County. Consequently, the county is liable for his salary. His employment as a clerk in a county office having been authorized and his compensation fixed by the county salary board in the manner prescribed by law, the county is obliged to pay his salary. The county commissioners are not warranted in attempting to defeat the action of the salary board by refusing to draw warrants for the plaintiff's salary, which is

382

due and has been earned by him. On the case stated, judgment must be entered for the plaintiff.

And now, July 25, 1932, judgment is entered in favor of the plaintiff in the sum of $160, the costs to be paid by defendant.

From M. M. Burke, Shenandoah, Pa.