## Buttorff, Appellant, v. Cumberland County.

Argued May 24, 1933. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Mark E. Garber,* for appellant.

*A. M. Bowman* of *Bowman & Bowman,* with him *Caleb S. Brinton,* County Solicitor, for appellee.

OPINION BY MR. JUSTICE DREW, June 30, 1933:

This action in assumpsit comes to us upon a case stated, which recites that in 1927 plaintiff was duly elected county treasurer of Cumberland County, a county of the sixth class, for a four-year term commencing on the first Monday of January, 1928; that he duly qualified and served his full term; that the county commissioners and county auditors contended that his salary was fixed by law at $2,200 per year, but that plaintiff insisted that he was entitled to a percentage of the money received and paid by him, not to exceed $4,000 per year; and that plaintiff, by agreement with the county commissioners, finally accepted payment at the

rate of $2,200 per year, without prejudice. It was understood and agreed by the parties to the dispute that if the commissioners and auditors were authorized under the law to fix plaintiff's compensation upon a percentage basis, the rate fixed would have been high enough to assure plaintiff $4,000 per year. In the case stated, it was agreed that if the court below should be of opinion that plaintiff's contention was correct, judgment should be entered for him for $7,200 (the difference between $2,200 and $4,000 per year for four years); otherwise judgment should be entered for defendant. The court below found for defendant, and this appeal followed. Plaintiff having died, his executrix was substituted as appellant.

In this appeal we are concerned with three acts of assembly. By the Act of April 15, 1834, P. L. 537, section 41, it was provided that "Each county treasurer shall receive in full compensation for his services on behalf of the county, a certain amount per cent on all moneys received and paid by him, which rate shall be settled from time to time by the county commissioners with the approbation of the county auditors." By the Act of April 4, 1872, P. L. 920, it was provided that "The treasurer of the county of Cumberland shall receive, in lieu of all fees and percentage now received by him, an annual salary of twenty-two hundred dollars." By the Act of June 29, 1923, P. L. 944, section 1, it was provided that "In counties of the sixth class, the compensation of the county treasurer shall be fixed under the provisions of existing law, but the treasurer shall not, in any case, receive more than four thousand dollars ($4,000) in any one year."

But one question is involved: did the Act of 1923 repeal the local Act of 1872? Appellant contends that there was an express repeal by section 11 of the Act of 1923, which provides that "All acts or parts of acts, general, local, or special, inconsistent with this act, are hereby repealed." She insists that the Act of 1872 is

inconsistent with the Act of 1923. She further insists that the Act of 1923 established a uniform and mandatory system fixing the compensation of county treasurers in counties of the sixth class, which was intended to supersede all prior legislation on the subject, and that therefore the local act was impliedly repealed.

We can discover no inconsistency between the two statutes. The one in no sense conflicts with the other. Except as to the maximum limit of $4,000 per year, the Act of 1923 provides that the compensation of county treasurers in counties of the sixth class "shall be fixed under the provisions of existing law." The question then arises, what is the "existing law" referred to? The answer is clear. In counties as to which no local act was in force, the "existing law" on the subject, at the time the Act of 1923 was passed, was the Act of 1834; but in Cumberland County the "existing law" was the Act of 1872. That the latter act was a local act, confined to one county, did not make it any the less a part of the existing law; within its sphere of application, it was the only existing law. The sole purpose of the Act of 1923, so far as the compensation of county treasurers is concerned, was to fix a maximum compensation of $4,000 per year. Obviously the Act of 1872, providing for a flat salary of $2,200 per year, is not inconsistent with this purpose. The argument of appellant would have much greater weight if the Act of 1923 had fixed the annual compensation of the county treasurer at $4,000, or some other definite amount, instead of merely imposing a maximum limit. There is no minimum compensation fixed by it.

Appellant's counsel argues strenuously that the term "existing law" must be construed to mean the "existing *general* law," thus excluding the Act of 1872. This is not the natural and ordinary meaning of the words as used, and we are convinced it was not the intention of the legislature. There cannot be any doubt that when the Act of 1923 was passed the only existing law on the

subject of compensation for the treasurer of Cumberland County was the local act of 1872. It had been such for 51 years. To hold that it was not within the meaning of the term "existing law" as used in the Act of 1923 would be unreasonable. But it is further argued that in Martin v. Butler County, 94 Pa. Superior Ct. 152, it was held that the "existing law" referred to in the Act of 1923 was the Act of 1834. That case, however, dealt with the Act of 1923 as applied to Butler County, as to which no local act was in force when the Act of 1923 was passed, and therefore for that county the "existing law" was the Act of 1834, for which reason the question now before us was not involved in that case.

As to the contention of appellant that the Act of 1923 established a uniform and mandatory system fixing the compensation of county treasurers in counties of the sixth class, we think it also is without merit. The act does not establish a uniform and mandatory system on the subject, for it expressly provides that the compensation of the county treasurer "shall be fixed under the provisions of existing law." As we have seen, these words, according to their natural and ordinary meaning, include local legislation, where such legislation is in force. The "existing law" on the subject of the compensation of county treasurers in counties of the sixth class was not itself a uniform system at the time the Act of 1923 was passed, since it included both general and local legislation, and the act made no change in that situation, except to impose a maximum limit of $4,000 per year.

It therefore follows that the action of the court below in entering judgment for the defendant on the ground that plaintiff's compensation was fixed by the Act of 1872 was correct, and the judgment must be affirmed.

Judgment affirmed.